UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIM GRAVES,

    Plaintiff,

-VS-                                          CASE NO.:

HARLEY-DAVIDSON FINANCIAL
SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KIM GRAVES, by and through the undersigned counsel, and sues Defendant, HARLEY-DAVIDSON FINANCIAL SERVICES, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the

1

wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

5. The alleged violations described herein occurred in Lake County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural person, and citizen of the State of Florida, residing in Lake County, Florida

7. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

8. Plaintiff is an "alleged debtor."

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which was formed in Delaware with its principal place of business located at 5505 North Cumberland Avenue, #307, Chicago, Illinois 60656 and which conducts business through its registered agent, C T Corporation System located at 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.

11. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

12. Defendant called Plaintiff on Plaintiff's cellular telephone approximately three hundred (300) times in an attempt to collect an alleged debt.

13. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

14. Plaintiff is the regular user, and carrier of the cellular telephone number (352) ***-7143 and was the called party and recipient of Defendant's calls.

15. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: (844) 789-9067, (800) 757-1744, and (888) 691-4337.

16. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that she knew it was an auto-dialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and she received prerecorded messages from Defendant.

17. On several occasions over the last four (4) years Plaintiff instructed Defendant's agent(s)/representative(s) to stop calling her cellular telephone.

18. In or about December 2015, and on numerous other occasions, Plaintiff answered a call from Defendant to her cellular telephone, held the line, and after a brief pause was connected to an agent/representative of Defendant. Defendant's agent/representative informed Plaintiff they were calling to collect on a debt for a motorcycle. Plaintiff explained to Defendant's agent/representative that the motorcycle Defendant was referencing belonged to her ex-husband and then further explained to the agent/representative that she has muscular dystrophy and cannot physically operate the machine. Plaintiff then demanded that the calls to her cellular telephone cease.

19. Despite yet clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff on her cellular telephone, Defendant continued to place automated calls to Plaintiff.

20. Each subsequent call Defendant made to Plaintiff's cellular telephone number was knowing and willful and done so without the "express consent" of Plaintiff.

21. In or about July 2017, Plaintiff answered a call to her cellular telephone from Defendant and was connected to an agent/representative of Defendant. Defendant's female agent/representative began to verbally abuse Plaintiff when Plaintiff demanded that the calls to her cellular telephone stop. At times during the conversation the agent/representative raised her voice and used willfully abusive language in an effort to force Plaintiff into making a payment on the alleged debt.

22. Plaintiff's numerous conversations with Defendant's agent(s)/representative(s) over the telephone wherein she demanded a cessation of calls were in vain as Defendant continued to bombard her with automated calls unabated.

23. Defendant intentionally harassed and abused Plaintiff on number occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant to remove the number.

26. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff despite these individuals explaining to Defendant they wish for the calls to stop.

27. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

28. Defendant has numerous complaints across the country against them asserting that their automatic telephone dialing system continues to call despite requested to stop.

29. Defendant has had numerous complaints from consumers across the country against them asking to not be called; however, Defendant continues to call the consumers.

30. Defendant's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

31. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

32. Not a single call placed by Defendant to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

34. From each and every call placed without consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

35. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendant's calls.

36. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

39. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

40. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

41. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

42. Plaintiff fully incorporates and realleges paragraphs one (1) through forty one (41) as if fully set forth herein.

43. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

44. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

45. Plaintiff fully incorporates and realleges paragraphs one (1) through forty one (41) as if fully set forth herein

46. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

47. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

48. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

49. Defendant has violated Florida Statute § 559.72(8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of his or her family.

50. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Frank H. Kerney, III
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
mbradford@forthepeople.com
*Counsel for Plaintiff*